UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ANTONIO PARNELL,**

    Movant,

v.                                   Civil Action No. 2:20-00145
                                       Criminal Action No. 2:18-00147

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is Movant Antonio Parnell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF 58), filed February 21, 2020, in which he alleges the following: "(1) 'Ineffective assistance of counsel during plea negotiation process;' (2) Counsel was ineffective in failing to object to breach of the Plea Agreement; (3) In light of <u>Rehaif v. United States</u>, 139 S.Ct. 2191 (2019), Movant was not fully informed of the nature of the charges that he pled guilty to and accepting the plea was plain error; (4) Counsel was ineffective in failing to object to 'a surprise enhancement at sentencing;'[and] (5) Counsel was ineffective in failing to file notice of appeal." ECF 102 at 2 (citing ECF Nos. 58, 59).

I.  Procedural Background

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R (ECF 102) on August 27, 2021, recommending that the court dismiss Mr. Parnell's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence and remove this matter from the docket.  Mr. Parnell timely objected to the PF&R (ECF 104) on September 13, 2021.[1]

II.  Governing Standard

The court is required to "make a de novo review determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The court need not, however, conduct de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in

---

[1] On September 10, 2021, Mr. Parnell moved for an extension of time to file objections to the PF&R.  See ECF 103.  Before the court addressed the extension request, Mr. Parnell timely filed objections to the PF&R three days later on September 13, 2021.  See ECF 104.  Despite the timely filed objections, the court granted Mr. Parnell's extension request on September 14, 2021, allowing Mr. Parnell to file any additional objections by October 13, 2021.  See ECF 105.  Mr. Parnell never filed any further objections.

the magistrate's proposed findings and recommendations." Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

### III. Discussion

As a threshold matter, the court notes that much of Mr. Parnell's thirteen-page objections are general and conclusory in nature and fail to direct the court to a specific error in the PF&R. Nonetheless, in liberally construing Mr. Parnell's objections, he appears to make a few contentions warranting review.

Although somewhat unclear, it appears Mr. Parnell objects to the Magistrate Judge's conclusion that Mr. Parnell's counsel, Lex Coleman, correctly and effectively advised him of the advantages and disadvantages of filing a direct appeal of his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and thus was not ineffective by failing to appeal. Mr. Parnell, however, maintains in his objections that Mr. Coleman led him to believe an appeal was "frivolous" because he had "signed away his appellate rights," which Mr. Parnell avers "is not true." ECF 104 at 10-11. Mr. Parnell contends he "still had a right to challenge his sentencing enhancements" and counsel was thus ineffective for failing to appeal his sentence. Id.

As accurately set forth in the PF&R, the standard for analyzing claims of ineffective assistance of counsel based upon counsel's failure to appeal is as follows:

> An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective.[2]  When a client does not specifically instruct counsel to appeal, however, whether counsel has been ineffective by failing to appeal depends upon 'whether counsel in fact consulted with the defendant about an appeal.'  In this context, 'consult' 'convey[s] a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'  If counsel has not consulted with his client, the court must then ask whether the failure to consult itself constitutes deficient performance.  The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'  Although the Roe Court declined to adopt a per se rule that defense counsel who fails to consult with the defendant concerning an appeal is ineffective, the Court did state, 'We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal.'

---

[2] Mr. Parnell does not appear to object to the Magistrate Judge's conclusion that the evidentiary record failed to corroborate Mr. Parnell's claim that he specifically and expressly told Mr. Coleman to file an appeal at his direction. Even assuming Mr. Parnell had objected to this conclusion, however, the court finds no error in the same given that the evidentiary record supports such conclusion.

United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 480, 475-82 (2000)).

Utilizing this standard, Magistrate Judge Aboulhosn concluded that the evidentiary record failed to corroborate Mr. Parnell's contention "that Attorney Coleman advised [Mr. Parnell] that he could not file a direct appeal," and, instead, "corroborates that Attorney Coleman advised [Mr. Parnell] that he was prohibited by the appeal waiver from filing a direct appeal as such filing would result in a breach of the plea agreement, and the advantages/disadvantages to filing a direct appeal." ECF 102 at 27-28. Accordingly, the Magistrate Judge determined that "the record does not corroborate [Mr. Parnell's] claim that Attorney Coleman failed to properly consult with [him] regarding his desire to appeal." Id. at 28.

Upon an independent review of the evidentiary record, the court finds no error in the Magistrate Judge's conclusion in this regard. Mr. Coleman stated as follows in his affidavit:

> Because [Mr. Parnell's] sentence was 36 months less than the sentence stated in [his] appeal waiver, immediately following his sentencing I advised Mr. Parnell that he was prohibited from filing any appeal based on the terms of his plea agreement. I further advised that if he did file a notice of appeal, the government would most likely prevail on a motion to dismiss based upon the appeal waiver. [Mr. Parnell] was also advised that if he filed any appeal, he would risk having his plea agreement set aside due to his breach of the appeal wavier provision, which could

5

>    expose him to being charged by indictment with
>    additional offenses.

ECF 77 at 19-20. Mr. Coleman further stated:

>    I did not threaten Mr. Parnell with this information;
>    I merely relayed the probable consequences if he
>    violated the plea agreement appeal waiver in light of
>    the sentence he received. Given the factual basis of
>    his guilty plea, in particular the April 21, 2018
>    recorded telephone conversation with his father, Mr.
>    Parnell was further advised that even if he did appeal
>    – it was unlikely he would receive a favorable ruling
>    on the merits. Finally, Mr. Parnell was advised how
>    any prospective appeal would allow the government to
>    similarly challenge favorable rulings made during his
>    sentencing hearing - such as that the United States
>    had not established the cross reference for kidnapping
>    - which could result in a remand of the case subject
>    to a much higher sentencing guideline range. In my
>    mind, having the additional three years in play after
>    he had already been in custody since April 2018, did
>    not justify any benefit he could obtain even through a
>    successful appeal of his sentence.

Id. at 20. Based upon this information, Mr. Coleman states Mr. Parnell "listened to [him] and demonstrated an understanding of the different points [he] discussed with him following his sentencing;" "made the decision not to file a notice of appeal;" and "did not ask [him] to file a notice of appeal on his behalf on April 8, 2018, or at any other time during the fourteen[-]day period for doing so." Id. He further notes that while Mr. Parnell did contact him via telephone prior to the expiration of the appeal deadline, "rather than ask that a notice of appeal be filed, Mr. Parnell requested a copy of the First Step Act," which was subsequently provided to him. Id. at 21.

6

As noted by the Magistrate Judge, while Mr. Parnell's affidavit contradicts that of Mr. Coleman's affidavit, the statements in Mr. Coleman's affidavit are "more detailed and are corroborated by documentary evidence (Exhibits GG, HH, II, KK, LL);" whereas, the statements made in Mr. Parnell's affidavit are "vague and conclusory." ECF 102 at 26. The court thus agrees with the Magistrate Judge that Mr. Parnell's "version of the events is less credible than the more detailed version provided by [Mr.] Coleman." Id.; see also, Strong v. Johnson, 495 F.3d 134, 139 (4th Cir. 2007) (noting there "is no prohibition against a court making credibility determinations based on competing affidavits in certain circumstances" and "[c]hoosing between conflicting affidavits without a hearing may be reasonable when one affidavit is cryptic or conclusory with respect to a contested issue of fact and the other affidavit sets out a detailed account of events.").

In sum, contrary to Mr. Parnell's contention, the court finds nothing inaccurate or ineffective about Mr. Coleman's advice regarding the advantages and disadvantages of noticing an appeal. The evidentiary record reflects that Mr. Coleman consulted with Mr. Parnell about an appeal and effectively advised him about the advantages and disadvantages thereof. Accordingly, the court finds no error in the

Magistrate Judge's conclusion that Mr. Coleman was not ineffective by failing to properly consult with [Mr. Parnell] regarding his desire to appeal." ECF 102 at 28. Mr. Parnell's objection is thus overruled.

Next, Mr. Parnell appears to object to the Magistrate Judge's conclusion that the evidentiary record demonstrates that Mr. Parnell was not "ambushed" or surprised at the sentencing hearing by the "increase to his Base Offense Level due to [his] prior conviction for a crime of violence (2002 felonious assault conviction." ECF 102 at 18. Mr. Parnell states in his objections that "at sentencing [he] was surprised because the 6 level increase for a crime of violence in an unrelated state case [(]2002 Felonious Assault[),] which Michigan held is not a predicate for enhancement purposes." [3] ECF 104 at 9.

As thoroughly explained by the Magistrate Judge, the draft presentence investigation report, the final presentence investigation report, the Government's memorandum on the applicability of the Armed Career Offender Act, the Government's sentencing memorandum, Mr. Coleman's memorandum on the

---

[3] The court notes the Sixth Circuit's decision in United States v. Harris, 853 F.3d 318, 322 (2017), -- decided prior to Mr. Parnell's sentencing -- wherein the court concluded that convictions for Michigan felonious assault "amount to crimes of violence under the Guidelines." Harris, 853 F.3d at 322.

applicability of the Armed Career Offender Act, Mr. Coleman's objections to the presentence report, and Mr. Coleman's sentencing memorandum, all included a discussion regarding whether an offense level increase based upon Mr. Parnell's prior crime of violence was proper.  Additionally, during Mr. Parnell's sentencing hearing, Mr. Coleman challenged the enhancement on the grounds that the prior conviction did not constitute a crime of violence, which was ultimately overruled by the undersigned.  Thus, to the extent Mr. Parnell maintains that this enhancement was a last-minute "surprise," such contention is unsupported by the record, which demonstrates the issue was thoroughly litigated both prior to and during Mr. Parnell's sentencing.  Mr. Parnell's objection is thus overruled.

Lastly, Mr. Parnell appears to aver in his objections that Mr. Coleman was ineffective in failing to adequately challenge certain enhancements at his sentencing.  Specifically, he contends that "counsel knew or should have known" that the two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(A) for his alleged possession of three firearms during the offense did "not apply," and Mr. Coleman "failed to object with specificity or follow up on an appellate level." ECF 104 at 1-2.  Regarding the two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B)

for his alleged possession of two stolen firearms during the offense, Mr. Parnell contends "if counsel had performed basic research of the law he would have noticed the enhancement was a specific offense characteristics (sic)," requiring "[t]he government . . . to prove [he] knew the guns were stolen." Id. at 2.

The court notes that neither of these contentions appear to have been specifically raised by Mr. Parnell in his Section 2255 motion and were thus not addressed in the PF&R. Nonetheless, the court finds them meritless. First, in regard to the § 2K2.1(b)(1)(A) enhancement, the record demonstrates that Mr. Coleman adequately contested the same in his sentencing memorandum and at Mr. Parnell's sentencing but was ultimately overruled by the court. See ECF 42, 47. Thus, the court finds nothing ineffective or unreasonable about Mr. Coleman's performance respecting the same and overrules Mr. Parnell's objection.

Second, in regard to the § 2K2.1(b)(4)(B) enhancement, while Mr. Coleman did not object to this enhancement, the court is unaware of any existing legal basis upon which to form such objection given the determination that the firearms at issue were stolen. Contrary to Mr. Parnell's assertion, the § 2K2.1(b)(4)(A) enhancement "applies regardless of whether the

defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1, Application Note 8(B); see also United States v. Bowers, 616 Fed. App'x 620, 622-23 (4th Cir. 2015) (collecting cases concluding that there is no knowledge requirement for an enhancement under § 2K2.1(b)(4)). Accordingly, the court concludes that Mr. Coleman's failure to object to this enhancement did not fall "below an objective standard of reasonableness" and overrules Mr. Parnell's objection. Strickland v. Washington, 466 U.S. 688, 687-88 (1984). The remainder of Mr. Parnell's objections have likewise been considered and are equally without merit.

## IV. Conclusion

Based upon the foregoing discussion, it is ORDERED that:

1. The PF&R (ECF 102) be, and hereby is, ADOPTED and incorporated herein;

2. Mr. Parnell's objections (ECF 104) be, and hereby are, OVERRULED;

3. Mr. Parnell's motion to vacate, set aside, or correct sentence (ECF 58) be, and hereby is, DENIED; and

4. This action be, and hereby is, DISMISSED and STRICKEN from the docket.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: March 31, 2022

John T. Copenhaver, Jr.
Senior United States District Judge